Name  PETER CARBAJAL

Address  KERN VALLEY STATE PRISON

PO BOX 5104

DELANO CA 93216

CDC or ID Number  D22467

~~FILED~~
JUN 13 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT OF CALIFORNIA 450 GOLDEN GATE

AVENUE 16 TH FLOOR SANFRANCISCO CA 94102

(Court)

---

PETER CARBAJAL

Petitioner

vs.

A. HEDGPATH, WARDEN

Respondent

**PETITION FOR WRIT OF HABEAS CORPUS**

~~CV 08 2961 PJH~~

*(To be supplied by the Clerk of the Court)*

E-filing (PR)

---

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

---

Approved by the Judicial Council of California for use under rule 8.380 of the California Rules of Court [as amended effective January 1, 2007]. Subsequent amendments to rule 8.380 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page 1 of 6

Form Approved for Optional Use
Judicial Council of California
MC-275 [Rev. January 1, 2007]    **PETITION FOR WRIT OF HABEAS CORPUS**    Penal Code, § 1473 at seq.;
Cal. Rules of Court, rule 8.380
*www.courtinfo.ca.gov*
American LegalNet, Inc.
www.FormsWorkflow.com

## 6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

CUNNINGHAM V. CALIFORNIA (JAN. 22, 2007) NOW THAT (BLACK) IS NO LONGER GOOD LAW AND IT CLEARLY VIOLATES THE SIXTH AND FOURTEENTH AMENDMENTS TO IMPOSE AN UPPER TERM SENTENCE WITHOUT JURY FINDINGS OR PROOF BEYOND A REASONABLE DOUBT ; THIS COURT MUST VACATE THIS SENTENCE, AND REMAND FOR RESENTENCING TO NO MORE THAN THE MID TERM

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where).* (If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)

I AM CHALLENGING MY SENTENCING FOR THE SIMPLE FACT ; I WAS LEAD TO BELIEVE I WOULD GET THE MIDTERM. WHICH TURNED OUT TO BE I GOT THE UPPER TERM POSSIBLE, WHICH WAS 2 9 YR ² 8 MONTH .... I WAS TOLD BEFORE HAND THAT I WOULD NOT GET NO MORE THEN 30 YRS.... I BELIEVE THE MIDTERM WAS 24 YRS LOWEST 22 YRS... LET IT BE NOTED THAT I DIDNOT GO TO JURY TRIAL ... FURTHER MORE . I WAS PRESENT BEFORE A PROBATION OFFICER ONE IN WHOM I NEVER SEEN IN MY LIFE ... HOWEVER . NOT FULLY UNDERSTANDING THE REASON OF THE INTERVIEW AT THE COUNTY JAIL . HE USED INFORMATION I PERSONALLY PROVIDE FOR HIM . (ONE MORE TRI LET THIS BE NOTED HE WASNT MY CURRENT PROBATION OFFICER ON THE STREET WHOM COULD VE PROVIDE MORE POSITIVE INFORMATION BUT FOR SOME REASON IT DIDN HAPPEN THAT WAY.- FURTHER .. THE INFORMATION WAS TURNED AROUND AGAINST MY FAVOR ... NOW WHY? WOULD I PROVIDE INFORMATION AGAINST MY FAVOR ... AND IT LEAD TO FINDING FACT² OF NOTHING MORE THEN A GGRAVATION . I WAS SENTENCE BASE UPON THIS INFORMATION ... IT WAS SAID TO FIND "NO" MITIGATION FACTOLS ... BUT I SERIOUSLY DISAGREE AND MY AGENT (PO) WOULD VOUCH For MY EFFORTS TO BE A MEMBER OF SOCIETY.

I DO NOT AGREE WITH THE SENTENCING — .

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

CUNNING HAM V. CALIFORNIA — IN ALMENDAREZ-TORRES V. UNITED STATES (1998) . 523 U.S. 224, THE HIGH COURT CREATED A LIMITED EXCEPTION FOR THE 'FACT " OF A PRIOR CONVICTION TO THE RULE THAT AGGRAVATING FACTOS HAD TO BE SUBMITTED TO A JURY AND FOUND TRUE BEYOND A REASONABLE DOUBT. THE EXCEPTION IS READ VERY NARROWLY AND APPLIES ONLY TO THE MERE FACT OF A PRIOR CONVICTION .

**This petition concerns:**

☐ A conviction                      ☐ Parole

☒ A sentence                        ☐ Credits

☐ Jail or prison conditions         ☐ Prison discipline

☐ Other (specify): _____

1. Your name: _PETER CARBAJAL_

2. Where are you incarcerated? _KERN VALLEY STATE PRISON. ___ DELANO_

3. Why are you in custody?   ☒ Criminal Conviction   ☐ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

   _SECOND DEGREE ROBBERY  ¶ PLUS ENHANCEMENT- PC 186.22 (B) (1)_

b. Penal or other code sections: _PEN, CODE §§ 211, 186.22 (B) (1)_

c. Name and location of sentencing or committing court: _COUNTY OF MONTEREY, SALINAS_
   _CALIFORNIA, 240 CHURCH ST, SUITE 318 SALINAS, CA 93901_

d. Case number: _MS 032704A· MS03274B_

e. Date convicted or committed: _07·29·04_

f. Date sentenced: _07·29·04_

g. Length of sentence: _24 YRS  8 MONTHS_

h. When do you expect to be released? _UNKNOWN AT THIS TIME_

i. Were you represented by counsel in the trial court?   ☒ Yes.   ☐ No. If yes, state the attorney's name and address:
   _FRANK W. DICE ATTORNEY AT LAW, P.O. B 270  SALINAS  CA 93902_

4. What was the LAST plea you entered? *(check one)*

☐ Not guilty   ☒ Guilty   ☐ Nolo Contendere   ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☐ Jury   ☒ Judge without a jury   ☐ Submitted on transcript   ☐ Awaiting trial

8. Did you appeal from the conviction, sentence, or commitment?    ☒ Yes.    ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

    _IN THE SUPERIOR COURT IN AND FOR THE COUNTY OF MONTEREY_

b. Result _DENIED_                                    c. Date of decision: _11 · 8 · 2005_

d. Case number or citation of opinion, if known: _HCS154_

e. Issues raised: (1) _VIOLATION OF THE U.S.C. AMENDMENTS / DUE PROCESS CLAUSE._

    (2) _1 or 4TH 5TH 6TH 14TH._

    (3) _____

f. Were you represented by counsel on appeal?    ☐ Yes.    ☒ No. If yes, state the attorney's name and address, if known:

    _____

9. Did you seek review in the California Supreme Court?    ☒ Yes    ☐ No. If yes, give the following information:

a. Result _DENIED_                        b. Date of decision: _5 · 10 · 2006_

c. Case number or citation of opinion, if known: _S134774_

d. Issues raised: (1) _VIOLATION OF my DUE PROCESS  1TH 4TH, 5TH, 6TH, 14TH AMEN-_

    (2) _____

    (3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

    _I AM A LAYMAN TO THE LAW. AND HAD NO MEANS TO FORESEE THIS_

    _How my CONSTITUTIONAL RIGHTS WERE VIOLATED._

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *in re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

                    _THIS MATTER IS FOR THE COURTS OF LAW._

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

    _____

b. Did you seek the highest level of administrative review available?    ☒ Yes.    ☑ No.
   *Attach documents that show you have exhausted your administrative remedies.*

7. **Ground 2 or Ground** _____ *(if applicable):*

_____

_____

_____

_____

_____

a. Supporting facts:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

b. Supporting cases, rules, or other authority:

_____

_____

_____

_____

_____

_____

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or **issue** in any court?  ☐ Yes. If yes, continue with number 13.  ☒ No. If no, skip to number 15.

13. a.  (1) Name of court: _____

        (2) Nature of proceeding (for example, "habeas corpus petition"): _____

        (3) Issues raised: (a) _____

           (b) _____

        (4) Result *(Attach order or explain why unavailable):* _____

        (5) Date of decision: _____

   b.  (1) Name of court: _____

        (2) Nature of proceeding: _____

        (3) Issues raised: (a) _____

           (b) _____

        (4) Result *(Attach order or explain why unavailable):* _____

        (5) Date of decision: _____

   c.  *For additional prior petitions, applications, or motions, provide the same information on a separate page.*

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.)

   THE CUNNINGHAM LAW JUST PASSED THIS YEAR ( JAN 22, 2007 ).

_____

16. Are you presently represented by counsel?  ☐ Yes.  ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?  ☐ Yes.  ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date: _____

▶ _____
(SIGNATURE OF PETITIONER)

The court found that the victim was particularly vulnerable, that appellant took advantage of a position of trust and had inflicted physical or emotional injury. The court also noted that there was planning, sophistication, that appellant dissuaded the victims or witnesses from testifying and prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness. The court also noted that appellant was on prior probation. (2RT 431-435.) The court found a mitigating factor that appellant was suffering from the mental or physical condition. (2RT 431-435.)

## C.    *Cunningham* **Overrules** *Black* **and Requires the Middle Term.**

The United States Supreme Court abrogated *Black* and held that under *Blakely v. Washington* (2004) 542 U.S. 296 and its antecedents, Penal Code section 1170, subdivision (b) and relevant court rules are unconstitutional to the extent they authorize imposition of a sentence above the middle term without jury findings or proof beyond a reasonable doubt is unconstitutional:

> In accord with *Blakely* ... the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum. Because circumstances in aggravation are found by the judge, not the jury, and need only be stablished by a preponderance of the evidence, not beyond a reasonable doubt, the DSL violates *Apprendi*'s bright-line rule: Except for a prior conviction, "any fact that increases the penalty for a crime beyond the prescribed statutory

2

maximum must be submitted to a jury, and proved beyond a
reasonable doubt."

(*Cunningham v. California* (Jan. 22, 2007) ___ U.S. ___,[2007 WL

135687; 2007 U.S. LEXIS 1324, at pp. 26-27, 35-36, 40, fn. 14, 44].)

*Cunningham* applies to this case because it was decided while this case is

"pending on direct review or not yet final." (*Griffith v. Kentucky* (1987)

479 U.S. 314, 328.)

Now that *Black* is no longer good law and it clearly violates the

Sixth and Fourteenth Amendments to impose an upper term sentence

without jury findings or proof beyond a reasonable doubt, this court must

vacate the sentence, and remand for resentencing to no more than the

midterm of six years on count 1.   Because the Legislature has not created

and authorized aggravating factors by statute, the trial court has no

authority to impose any sentence above the middle term, and the error

cannot be reviewed for harmlessness and/or error was not harmless beyond

a reasonable doubt.

## 1.    The Trial Court's Sentence is not Proper Under the Limited Exception Created by *Almendarez-Torres*

In *Almendarez-Torres v. United States* (1998) 523 U.S. 224, the high

court created a limited exception for the "fact" of a prior conviction to the

rule that aggravating factors had to be submitted to a jury and found true

3

beyond a reasonable doubt. The exception is read very narrowly and applies

only to the mere fact of a prior conviction. (Shepard v. United States (2005)

544 U.S. 13, 24.)

Discussing *Almendarez-Torres v. United States*, the Court in

*Apprendi* permitted the defendant to be sentenced by reason of a prior

conviction to a term higher than that attached to the offense alleged in the

indictment the Court observed that

> Both the certainty that procedural safeguards attached to any
> "fact" of prior conviction, and the reality that *Almendarez-
> Torres* did not challenge the accuracy of that "fact" in his
> case, mitigated the due process and Sixth Amendment
> concerns otherwise implicated in allowing a judge to
> determine a "fact" increasing punishment beyond the
> maximum of the statutory range.

(*Apprendi, supra*, at p. 488.)

In *Jones v. United States* (1999) 526 U.S. 227, the Court again noted

the critical distinction between the fact of a prior conviction and other facts

that prompt increased punishment: "unlike virtually any other

consideration used to enlarge the possible penalty for an offense ... a prior

conviction must itself have been established through procedures satisfying

the fair notice, reasonable doubt and jury trial guarantees. (*Id.* at p. 249.)  *Apprendi* and *Jon*

that offense may serve as a qualifying prior conviction for purposes of a

statute that increases the maximum penalty for a new offense by reason of

4

such prior crime, without the necessity for another jury trial of the issue of
whether the defendant committed that prior offense or suffered that prior
conviction.

The United States Constitution grants the right to trial by an
impartial jury "in all criminal prosecutions." (U.S. Const. Amd. VI.) This
right is "fundamental to the American scheme of justice" and therefore
guaranteed in state criminal prosecutions by the Fourteenth Amendment.
(*Duncan v. Louisiana* (1968) 391 U.S. 145, 148, 149.) The right to a jury
trial in criminal prosecutions "reflect[s] a fundamental decision about the
exercise of official power – a reluctance to entrust plenary powers over the
life and liberty of the citizen to one judge or to a group of judges. Fear of
unchecked power … found expression in the criminal law in this insistence
upon community participation in the determination of guilt or innocence."
(*Id.* at p. 156.)

In a criminal prosecution, every element of the crimes charged must
be submitted to the jury and subjected to the standard of proof beyond a
reasonable doubt. "It is self-evident … that the Fifth Amendment
requirement of proof beyond a reasonable doubt and the Sixth Amendment
requirement of a jury verdict are interrelated." (*Sullivan v. Louisiana*
(1993) 508 U.S. 275, 278.) Together these constitutional commands

5

require that, for a defendant to be convicted, every fact essential to the conviction must be found true by a jury beyond a reasonable doubt, absent intelligent waiver. (*United States v. Gaudin* (1995) 515 U.S. 506, 510.)

Where all of the elements of the prior offense were previously found in a proceeding safeguarded by the right to jury trial, a second jury trial of those elements is not required by the constitution. Where that condition of a prior jury trial of the additional elements of the current crime is *not* met, the exception to the constitutional command of trial by jury of every fact essential to the crime (i.e., every fact that causes an increase beyond the otherwise-applicable statutory maximum sentence) does not apply. Because that condition is not met in the case of juvenile adjudications, the exception has no application, and the constitutional command of trial by jury of every fact that gives rise to the increased punishment prohibits using the prior adjudication as a substitute for jury trial of the elements of the alleged prior offense.

Thus, the Ninth Circuit in *United States v. Tighe* (9th Cir. 2001) 266 F.3d 1187, interpreted *Apprendi* to prohibit counting a previous juvenile adjudication as a predicate offense for purposes of a federal recidivism statute. (*Id.* at p. 1189.) The *Tighe* Court quoted *Apprendi*'s observation that "[t]here is a vast difference between accepting the validity of a prior

6

judgment of conviction entered in a proceeding in which the defendant had

the right to a jury trial and the right to require the prosecutor to prove guilt

beyond a reasonable doubt, and allowing the judge to find the required fact

under a lesser standard of proof." (*Apprendi, supra,* 530 U.S. at p. 496,

quoted in *Tighe, supra,* 266 F.3d at p. 1194; accord, *People v. Nguyen*

(2007) 146 Cal.App.4th 1332.)

Thus, the juvenile petitions in the instant case do not meet the

exception of *Almendarez-Torres v. United States, supra.* The remaining

prior conviction is a misdemeanor offense. Certainly this one does not

qualify as "numerous." In addition, the finding of "numerous" was a finding

that must be made by a jury, which was not done in this matter.

### 2. On Remand[1], the Trial Court Has No Authority to Empanel a Jury to Decide Aggravating Factors, and It Cannot Impose More Than the Middle Term.

Based on California Supreme Court and other California authority directly on point, and independently

based on the Fifth Amendment Double Jeopardy Clause on two separate grounds, imposition of any sentence above

the upper term is not legally permitted. Accordingly, this Court should reduce the upper-term sentence to the

midterm. (Pen. Code, § 1260; *People v. Schueren* (1973) 10 Cal.3d 553, 561-562.)

#### a.    California Supreme Court Authority: *Najera*

Directly on point is *People v. Najera* (1972) 8 Cal.3d 504, 508-512 [reaffirmed in *People v. Mancebo*

---

[1] Appellant previously submitted arguments that a jury could make findings of fact on remand. Appellant now submits the following argument

7

the prosecution from going back and seeking a second jury trial, and mandates a holding that the prosecution has

waived the issue of on upper-term aggravating factors that it made no effort to litigate the first time around.

Our Supreme Court's *Najera* decision is binding. (*Auto Equity Sales, Inc. v. Superior Court* (1962) 57

Cal.2d 450, 455; *see also People v. King* (1993) 5 Cal.4th 59, 79-80 [federal Constitution's due process and ex post

facto provisions prohibit "indefensible" alterations of existing judicial constructions of criminal law].)  The other

opinions that followed *Najera*'s holdings and disposition reinforce them.  This Court must also follow *Najera*,

requiring reduction of the sentence to a midterm.  (Pen. Code, § 1260; *People v. Schueren, supra,* 10 Cal.3d at pp.

561-562.)

### b.    Fifth Amendment Double Jeopardy Clause

On at least two separate grounds, the same result is obtained under the Fifth Amendment Double

Jeopardy Clause, which applies here as an adjunct to the Sixth and Fourteenth Amendment guarantees that were

violated.

### 1.    Applicability of the Federal Double Jeopardy Clause

Appellant reiterates "*Apprendi*'s bright-line rule" which *Cunningham* held was violated in cases such as

this one:  "'[U]nder the Due Process Clause of the [Fourteenth] Amendment and the notice and jury trial guarantees

of the Sixth Amendment, any fact that increases the maximum penalty for a crime must be charged in an indictment

[or information], submitted to a jury, and proven beyond a reasonable doubt."  (*Apprendi, supra,* at p. 476.)  Here,

no upper-term aggravating factor was either charged in the information, or submitted to a jury, or proved beyond a

reasonable doubt.

Under the California sentencing scheme applicable to this case, and like any other sentencing factor, a

10

determinate sentence aggravating factor can have no life of its own. (*See, e.g., People v. Lyons* (1999) 72 Cal.App.4th 1224, 1228-1229 [same, as to penalty enhancements]; *People v. Mustafaa* (1994) 22 Cal.App.4th 1305, 1310-1311 [similar].) Its sole function is as part of a basis for a trial court to consider which of three possible sentencing terms to impose (upper, middle, or lower) *for a particular substantive offense of conviction.* (Pen. Code, § 1170, subd. (b).)

In light of *Cunningham,* and its reaffirmation of *Blakely* and of "*Apprendi*'s bright-line rule" in the specific context of California sentencing, a defendant has a Sixth and Fourteenth Amendment right to notice of the charges, a jury trial, and proof beyond a reasonable doubt as to both (i) the charged substantive offenses, and (ii) any aggravating factors (other than the existence of a prior conviction) that might be relied on to support an upper-term sentence for charged substantive offenses (or their lesser-included offenses) of which the defendant is convicted.

Irrespective of what a penalty provision might be labelled as a matter of state law, it is subject to the Fifth Amendment Double Jeopardy Clause to the same extent that it is subject to the Sixth and Fourteenth Amendments, including under *Apprendi.* (*People v. Seel* (2004) 34 Cal.4th 535, 545, 548-550 [relying on *United States v. Burks* (1978) 437 U.S. 1, 16].) "For purposes of the [federal double jeopardy] issue here, the precise distinction between a sentence enhancement and a penalty provision is not important. The critical feature is . . . 'an allegation of a circumstance that justifies an increased sentence.'" (*Seel,* at p. 547 [citations omitted].)

*Cunningham* held that under the DSL at the time of appellant's offense of conviction, California's upper-term aggravating factors – in the words of *Apprendi* – "expose[d] the defendant to a greater punishment than that authorized by the jury's guilty verdict." (*Id.* at p. 494; *see Cunningham,* ___ U.S. at p. ___ [2007 U.S. LEXIS 1324

11

and *id.* at p. 126 [dis. opn. of Ginsburg, J.] [to like effect]); *People v. Superior Court (Harris)* (1990) 217

Cal.App.3d 1332, 1337-1341 [Arabian, J.] [following *Bullington* to reach same result in California capital case].)

In light of *Cunningham*, which applied *Blakely* and "*Apprendi*'s bright-line rule" to California upper-

term sentencing, the same is necessarily true of a California upper-term aggravating factor. It too is a "penalty

provision" that must be deemed an element of an offense greater than the offense of conviction to which it attaches.

Given the holdings of *Cunningham*, and its application of *Blakely* and *Apprendi*, the difference between – for

example – attempted murder, and attempted murder with a premeditation penalty provision, is the same as the

difference between – for example – attempted murder, and attempted murder with a vulnerable victim penalty

aggravating factor. For *Blakely* and *Apprendi* purposes, there is no difference at all.

        2.        **First Double Jeopardy Ground: Prohibition Against Multiple Trials**

If a defendant is convicted of a lesser offense and the jury is discharged, the defendant cannot

subsequently be charged with and tried for a greater offense that includes the lesser offense, because the lesser

included offense is the same as the greater offense for double jeopardy purposes. (*Brown v. Ohio* (1977) 432 U.S.

161, 166.) This is an aspect of the well-known "*Blockburger* rule." (*Blockburger v. United States* (1932) 284 U.S.

299, 304 [applied in *Brown*, at pp. 166-168].)

Here, the federal Double Jeopardy Clause would be violated in exactly this manner, if the prosecution

could get a "do-over" and go back and charge appellant with extra elements of aggravating upper-term factors on

his conviction, then submit them to a second jury – just as surely as if the prosecution got an attempted murder

conviction out of a first jury, then went back and charged the extra element of premeditation for a second jury.

After a conviction or acquittal before a jury, a second prosecution on a greater including offense violates the Fifth

13

Amendment. (*Brown v. Ohio, supra*, 432 U.S. at pp. 166-168; *see also Blakely*, 542 U.S. at p. 320 [dis. opn. of

O'Connor, J.] [forecasting this result].) (This is also true under state law. (Pen. Code, § 1023; *People v. Lohbauer*

(1981) 29 Cal.3d 364, 372.))

      Furthermore, jeopardy from appellant's trial terminated when the trial court discharged the original jury.

(*Green v. United States* (1957) 355 U.S. 184, 191; *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 75-76.)

Once jeopardy terminated on the greater element of upper-term aggravating factors, the trial court had no legal

authority to conduct any further proceedings on that issue, let alone impose a criminal sentence as if further

proceedings had been conducted and appellant lost. (*Ibid.*)

      Everyone would agree that if a defendant was acquitted on a charge, terminating jeopardy as to that

charge, it would violate the federal Double Jeopardy Clause if the trial court imposed sentence on that charge

anyway. (*Ex Parte Lange* (1874) 85 U.S. (18 Wall.) 163, 173.) The trial court's imposition of an upper-term

sentence in violation of *Blakely* and *Apprendi* was no different here, because its discharge of appellant's jury

without a verdict on upper-term aggravating factors terminated jeopardy on that issue in exactly the same way a

jury acquittal would have. (*Green v. United States, supra*, 355 U.S. at p. 191; *People v. Superior Court (Marks)*,

*supra*, 1 Cal.4th at pp. 75-76.)

      On this basis alone, the Fifth Amendment prohibits remand.

     **3.**    **Second Double Jeopardy Ground: "Valued Right To Have Trial Completed**
          **Before A Particular Tribunal**

      Separate from the above, there is also a second reason why remand for an "aggravating factor trial"

would constitute federal double jeopardy.

      "The Double Jeopardy Clause of the Fifth Amendment protects a criminal defendant from repeated

14

prosecutions for the same offense. As a part of this protection against multiple prosecutions, the Double Jeopardy

Clause affords a criminal defendant a 'valued right to have his trial completed by a particular tribunal.'" (*Oregon v.*

*Kennedy* (1982) 456 U.S. 667, 671-672 [emphasis added]; *Crist v. Bretz* (1978) 437 U.S. 28, 35-36; *People v.*

*Marshall* (1996) 13 Cal.4th 799, 824-825.) This constitutional interest "lies in the need to protect the interest of an

accused in retaining a chosen jury," and has "roots deep in the historic development of trial by jury in the Anglo-

American system of criminal justice." (*Bretz,* at pp. 35-36.)

Here, the trial court discharged appellant's jury after his conviction on the substantive offense. There

was no effort made to hold any trial of sentencing factors appurtenant to that offense under *Blakely* and *Apprendi*,

because the prosecution never charged any such sentencing factors. Under *Blakely* and *Apprendi*, those sentencing

factors had to be charged in the information, as well as proved to a jury.

Now, long after appellant's original jury was discharged, the question is whether the State can convene a

second jury to try appellant on the sentencing factors appurtenant to his conviction, when he could have been tried

by the original jury on those factors – if the prosecution had only followed *Blakely* and *Apprendi*, and charged and

proved them.

For a court to conduct this second trial would be a plain violation of appellant's "valued right to have his

trial completed by a particular tribunal," and the interests emanating from it, under the Fifth Amendment Double

Jeopardy Clause. (*Oregon v. Kennedy, supra; Crist v. Bretz, supra.*) The Fifth Amendment stands in the way.

      c.    **There is No Procedural or Substantive Mechanism For A Jury Trial on**
              **Sentencing**

For both procedural and substantive reasons, the trial court on remand has no statutory or inherent

authority to empanel a jury for sentencing or to instruct any such jury on judge-made aggravating factors never

15

enacted by the Legislature. Without power to empanel a jury or submit aggravating factors to it, the court is

constrained by what remains in the statute, after the references to aggravating factors are excised in accordance with

*Blakely* and *Cunningham*: "When a judgment of imprisonment is to be imposed and the statute specifies ...

possible terms, the court shall order imposition of the middle term, unless there are circumstances in ... mitigation

of the crime," in which case the lower term may be imposed. (Pen. Code, § 1170, subd. (b).) Accordingly, on

remand, the trial court cannot impose more than the middle term.

Procedurally, the Legislature has not authorized the submission of aggravating circumstances under Rule

4.421 to a jury. Until or unless the Legislature authorizes a jury to consider the aggravating factors, the courts lack

authority to empanel juries to make such findings. (*See, State v. Pillatos* (Wash. Jan. 25, 2007) 2007 WL 178188,

*3 ["This court will not create a procedure to empanel juries on remand to find aggravating factors because the

legislature did not provide such a procedure ... To create such a procedure out of whole cloth would be to usurp the

power of the legislature," and thus "trial courts do not have inherent authority to empanel sentencing juries"]; *State

v. Kessler* (2003) 276 Kan. 202, 215-217 [73 P.3d 761, 771-772] [trial court erred in instructing jury and imposing

upward departure when "procedure in place at the time was unconstitutional" and legislature had not yet enacted

substitute].) Without statutory authority, the trial court cannot convene a jury proceeding on aggravating factors

and cannot sentence appellant to anything more than middle term.

Substantively, the "circumstances in aggravation" contained in Rule 4.421}{fs26charrsid7752582

Apprendi v. New Jersey}{insrsid7696761 (2000) 530 U.S. 466}{fs26charrsid7752582 People v.

Betts}{insrsid7696761 (2005) 34 Cal.4th 1039Penal Code, § 1170.3}{

□fs26charrsid7752582 People v. Wright}{insrsid7696761 (1982) 30 Cal.3d 705}{fs26charrsid7752582 Keeler v.

16

Superior Court } {insrsid7696761(1970) 2 Cal.3d 619Penal Code, § 6} {fs26charrsid7752582 People v.

Figueroa} {insrsid7696761 (1999) 68 Cal.App.4th 1409} {fs26charrsid7752582 People v.

Cervantes} {insrsid7696761 (2001 ) 26 Cal.4th 860} {fs26charrsid7752582 People v. Dillon} {insrsid7696761 (1983)

34 Cal.3d 441, *supra*, 2 Cal.3d at p. 632.)

        In holding that a court may not increase the defendant's sentence based on facts not presented or proven

to a jury, *Blakely* and *Cunningham* prohibited judicial fact-finding but did not affirmatively authorize courts to

submit those facts to a jury. Only the Legislature may take that step. (Cf. *Cunningham v. California* factors cannot

be transformed into duly enacted statutory elements by judicial fiat. Only the Legislature may cure the defect

identified in *Cunningham*, if it so wishes, by enacting the necessary elements to be presented and proven to the jury.

Neither this court nor the trial court can do so in its stead.

In any case, a jury cannot be instructed on "circumstances in aggravation" because those elements were never

charged. (Cf. *Cunningham v. California*U.S. Const., 6th amendU.S. Const., 14th amend.} {fs26charrsid7752582

People v. Thomas} {insrsid7696761 (1987) 43 Cal.3d 81} {fs26charrsid7752582 Cole v. Arkansas

} {insrsid7696761(1948) 333 U.S. 196, *supra*, 542 U.S. at p. 301.) In addition, the trial court cannot invade the

prosecutorial function by instructing a jury on matters not charged. (*See People v. Birks* (1998) 19 Cal.4th 108,

134.) For all of these reasons, the trial court cannot empanel a sentencing jury and can sentence to no more than the

middle term.

### 3. The Lack of Jury Factfinding And/or Proof beyond a Reasonable Doubt Cannot Be Considered Harmless in This Case.

For constitutional purposes, "Failure to submit a sentencing factor to

17

the jury, like failure to submit an element to the jury, is not structural error"
and may be reviewed for harmlessness under *Chapman*. (*Washington v.
Recuenco* (2006) 126 S. Ct. 2546, 2553.) However, the error here was not
merely that the aggravating factors were not submitted to the jury, but also
that the court found the factors proved by a mere preponderance, instead of
beyond a reasonable doubt. Here, the use of a preponderance standard
"consists of a misdescription of the burden of proof, which vitiates *all*"
relevant findings and is not subject to harmless error review. (*Sullivan v.
Louisiana* (1993) 508 U.S. 275, 281.)

Also, state law may preclude review for harmlessness. (*Washington
v. Recuenco*}{fs26charrsid7752582

☐Neder v. United States}{insrsid7696761 (1999) 527 U.S.

1}{fs26charrsid7752582 Mitchell v. Esparza}{insrsid7696761 (2003) 540

U.S. 12Penal Code, § 1170, subd. (a)(3)), including the definitions of
aggravating factors. (Rule 4.421, *supra*, 2 Cal.3d at p. 632; *People v.
Figueroa*



Kern Valley State Priso
Facility D, Building 3

08-2961 PJH

RECEIVED

JUN 12 2008

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CLERK OFFICE: U.S. Di
NORTHERN DISTRICT OF C
450 GOLDEN GATE AVENUE -
SAN FRANCISCO, CA 94102